## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Derrick H. Garner | CHAPTER 13 |
| _Debtor_ | |
| JPMorgan Chase Bank, National Association | |
| _Movant_ | NO. 17-11514 SR |
| vs. | |
| Derrick H. Garner | |
| _Debtor_ | 11 U.S.C. Section 362 |
| Frederick L. Reigle | |
| _Trustee_ | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,697.00,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2017 through August 2017 at $539.40/month |
| **Total Post-Petition Arrears** | **$2,697.00** |

2.      The Debtor shall cure the aforesaid arrearage in the following manner:

a). Within seven (7) days of the of the date on which the Movant, or its successor or assignee, files a proof of claim, Debtor shall file an Amended Chapter 13 Plan that provides for plan payments to cure the post-petition arrearage stated above, along with payments to cure the pre-petition mortgage arrears in the amount that is set forth in the proof of claim, or else in the amount fixed by the court.

b).  This Stipulation shall serve as a Supplemental Proof of Claim to the Proof of Claim that shall be filed by JPMorgan Chase Bank, N.A., or its successor or assignee.

3.      Beginning with the payment due September 1, 2017 and continuing thereafter, Debtor shall maintain, and pay when due, the regular monthly mortgage payment of $539.40 (or as adjusted under the terms of the mortgage), due on or before the first (1st) day of each month (with late charges to be assessed after the 15th of the month).

4.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order. The Order shall be in the form set forth in the proposed from of Order that was filed with Movant's instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph, and hereinafter, refers to Movant, or to any of its successors or assignees, should the claim be transferred.)

6.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    August 9, 2017                         By: /s/ Matteo S. Weiner, Esquire
                                                Matteo S. Weiner, Esquire
                                                KML Law Group, P.C.
                                                701 Market Street, Suite 5000
                                                Philadelphia, PA 19106-1532
                                                (215) 627-1322 FAX (215) 627-7734
                                                Attorneys for Movant


Date:    8-18-17                                John S. DiGiorgio, Esquire
                                                Attorney for Debtor


Date:    8/7/17                                 Frederick L. Reigle
                                                Chapter 13 Trustee

Approved by the Court this 30th day of ___August_____, 2017.  However, the court
retains discretion regarding entry of any further order.

_____

Stephen Raslavich
United States Bankruptcy Judge