United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 17-11514-sr
Derrick H. Garner                                                         Chapter 13
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: ChrissyW          Page 1 of 1           Date Rcvd: Aug 30, 2017
                         Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 01, 2017.
db            +Derrick H. Garner,    5127 Arbor Street,    Philadelphia, PA 19120-3601

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 01, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 30, 2017 at the address(es) listed below:
          BRIAN CRAIG NICHOLAS    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
           bnicholas@kmllawgroup.com,   bkgroup@kmllawgroup.com
          FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,    ecf_frpa@trustee13.com
          JOHN S. DIGIORGIO    on behalf of Debtor Derrick H. Garner jdigiorgio4@comcast.net
          MATTEO SAMUEL WEINER    on behalf of Creditor    Harley-Davidson Credit Corp bkgroup@kmllawgroup.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
           bkgroup@kmllawgroup.com
          REGINA   COHEN    on behalf of Creditor    Ally Financial Inc. rcohen@lavin-law.com,
           ksweeney@lavin-law.com
          THOMAS I. PULEO    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
           tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Derrick H. Garner<br>                    Debtor<br><br>JPMorgan Chase Bank, National Association<br>                    Movant<br>    vs.<br>Derrick H. Garner<br>                    Debtor<br>Frederick L. Reigle<br>                    Trustee | CHAPTER 13<br><br><br>NO. 17-11514 SR<br><br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,697.00,** which breaks down as follows:

Post-Petition Payments:    April 2017 through August 2017 at $539.40/month
**Total Post-Petition Arrears    $2,697.00**

2. The Debtor shall cure the aforesaid arrearage in the following manner:

a). Within seven (7) days of the of the date on which the Movant, or its successor or assignee, files a proof of claim, Debtor shall file an Amended Chapter 13 Plan that provides for plan payments to cure the post-petition arrearage stated above, along with payments to cure the pre-petition mortgage arrears in the amount that is set forth in the proof of claim, or else in the amount fixed by the court.

b). This Stipulation shall serve as a Supplemental Proof of Claim to the Proof of Claim that shall be filed by JPMorgan Chase Bank, N.A., or its successor or assignee.

3. Beginning with the payment due September 1, 2017 and continuing thereafter, Debtor shall maintain, and pay when due, the regular monthly mortgage payment of $539.40 (or as adjusted under the terms of the mortgage), due on or before the first (1st) day of each month (with late charges to be assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order. The Order shall be in the form set forth in the proposed from of Order that was filed with Movant's instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph, and hereinafter, refers to Movant, or to any of its successors or assignees, should the claim be transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   August 9, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date:   8-18-17

John S. DiGiorgio, Esquire
Attorney for Debtor

Date:   8/31/17

Frederick L. Reigle
Chapter 13 Trustee

| Case No. 17-11514 SR | Stipulation | Page 3 of 3 |
|---|---|---|

Approved by the Court this  30th day of  August         , 2017. However, the court retains discretion regarding entry of any further order.

_____
Stephen Raslavich
United States Bankruptcy Judge